1
2
3
4
5

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
Email:  glafayette@lkclaw.com
BRIAN H. CHUN (State Bar No. 215417)
Email:  bchun@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone:    (415) 357-4600
Facsimile:    (415) 357-4605

6
7

Attorneys for Defendant
Walgreen Co.

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11
12
13
14
15
16
17

JUAN ELIAS,

         Plaintiff,

vs.

WALGREEN CO., a corporation, and
DOES 1-100, inclusive,

         Defendants.

Case No.

**DEFENDANT WALGREEN CO.'S NOTICE
OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1441(b) (DIVERSITY)**

Action Filed:  June 19, 2020

18
19
20
21

22
23
24
25
26
27
28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

      PLEASE TAKE NOTICE that Defendant WALGREEN CO. ("Defendant") hereby

removes to this Court the state court action described below.

      1.      On June 19, 2020, an action was commenced in the Superior Court of the State of

California, in and for the County of Yolo, entitled <u>Juan Elias v. Walgreen Co., et al.</u>, Case No.

CV20-794 (the "Action").  (A true and correct copy of the Complaint is attached hereto as

**<u>Exhibit A</u>**.)

2.      Defendant was served with a copy of the Summons and Complaint on June 26, 2020.  (A true and correct copy of the Summons is attached hereto as **Exhibit B**.)

3.      On July 9, 2020, Defendant filed an Answer to the Complaint, a true and correct copy of which is attached hereto as **Exhibit C**.

4.      This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, because Plaintiff Juan Elias ("Plaintiff") alleges claims for wrongful termination in violation of public policy, disability discrimination, failure to accommodate disability, failure to engage in the interactive process, violation of the California Family Rights Act and retaliation, and seeks recovery of compensatory damages, general damages and punitive damages.

5.      Plaintiff was at the time of the filing of the Action, and still is, a citizen of the state of California.  (*See* Plaintiff's Complaint at ¶ 1 (Ex. A).)

6.      Defendant, a corporation, was at the time of the filing of this action, and still is, a citizen of a different state having been incorporated under the laws of the State of Illinois and having its principal place of business in the State of Illinois.  (Declaration of Joseph B. Amsbary, Jr. in Support of Defendant Walgreen Co.'s Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity) at ¶¶ 2-3.)

DATED:  July 10, 2020                    LAFAYETTE & KUMAGAI LLP


                                         */s/ Brian H. Chun*
                                         BRIAN H. CHUN
                                         Attorneys for Defendant
                                         WALGREEN CO.

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

**PROOF OF SERVICE**

I declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of eighteen years and not a party to the within action. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On July 10, 2020, I served the document named below on the parties in this action as follows:

**DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

__X__   (BY MAIL)  I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

_____   (BY PERSONAL SERVICE)  I caused to be personally served each document listed above on the addressee (s) noted below.

_____   (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

_____   (BY OVERNIGHT MAIL)  I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

THYBERGLAW
Gregory A. Thyberg, Esq.
3104 O Street #190
Sacramento, California 95816

*Attorneys for Plaintiff Juan Elias*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on   July 10, 2020   , at El Sobrante, California.

*Brenda Fuller*
Brenda Fuller

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

# EXHIBIT A

SAMUEL T. McADAM
, Judge
Assigned for All Purposes

1  THYBERGLAW
   GREGORY A. THYBERG SBN 102132
2  3104 O STREET #190
   SACRAMENTO, CALIFORNIA 95816
3  TEL: (916) 204-9173

4
   ATTORNEYS FOR PLAINTIFF, JUAN ELIAS
5

6

7

F I L E D
YOLO SUPERIOR COURT

JUN 1 9 2020

BY   D. KRAUSE
_____
DEPUTY

8            **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9

10           **FOR THE COUNTY OF YOLO**

11

12  JUAN ELIAS,                          ) Case No.: CV20-794
                                         )
13           Plaintiff                   )
                                         )  COMPLAINT FOR DAMAGES
14       vs.                             )  1. WRONGFUL TERMINATION IN
                                         )     VIOLATION OF PUBLIC POLICY;
15  WALGREEN CO, a corporation, and DOES )  2. DISABILITY DISCRIMINATION
    1-100, inclusive,                    )     GOV. CODE §12940(a);
16                                       )  3. FAILURE TO ACCOMMODATE
                                         )     DISABILITY GOV. CODE §12940
17           Defendants                  )     (m)
                                         )  4. FAILURE TO ENGAGE IN
18                                       )     INTERACTIVE PROCESS GOV.
                                         )     CODE § 12940 (n)
19                                       )  5. VIOLATION OF CALIFORNIA
                                         )     FAMILY RIGHTS ACT GOV. CODE
20                                       )     § 12945.2
                                            6. RETALIATION IN VIOLATION OF
21                                             GOV. CODE §12940 (h)

22

23

24

25              **DEMAND FOR JURY TRIAL**

26              **PRELIMINARY ALLEGATIONS**

27

28

              PLAINTIFF'S COMPLAINT FOR DAMAGES                    1

1   1.  Plaintiff, JUAN ELIAS ("ELIAS") is, and at all times mentioned in this complaint, was a

2   resident of YOLO COUNTY, State of California and a former employee of defendant,

3   WALGREEN CO.

4
5   2.  Defendant, WALGREEN CO ("WALGREENS") is a ILLINOIS corporation, and at all

6   times relevant herein mentioned was a corporation doing business in YOLO COUNTY, State of

7   California.

8   3.  Plaintiff is a qualified individual under the California Government Code and  defendants are

9   qualified employers under the Government Code.  Plaintiff has filed timely charges of

10  discrimination with the Department of Fair Employment and Housing ("DFEH") against

11
12  WALGREENS.  True and accurate copies of plaintiff's Charge of Discrimination filed on May

13  25, 2020 and Right to Sue letter issued on May 25, 2020 are attached hereto as Exhibits "A" and

14  "B" and are fully incorporated by reference herein.

15  4.  Unless otherwise alleged in this complaint, plaintiff is informed and believes, and on the

16  basis of that information and belief alleges, that at all times mentioned in this complaint,

17  defendants were the agents and employees of their codefendants, and in doing the things alleged

18
19  in this complaint, were acting within the course and scope of that agency and employment.

20  5.  Plaintiff does not know the true names of defendants DOES 1 through 100, inclusive, and

21  therefore sues them by those fictitious names.  Plaintiff is informed and believes that DOES

22  defendants are residents of the State of California.  Plaintiff will seek leave of the court to amend

23  this complaint to set forth their true names when they are ascertained.

24
25  6.  Each act alleged in the complaint herein was done with malice, oppression or fraud and

26  entitles plaintiff to punitive and exemplary damages where allowed by law.

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES                                    2

## GENERAL BACKGROUND FACTS

7.   Plaintiff started working for WALGREENS, at the WALGREENS Distribution Center in Woodland on July 24, 2019.

8.   Plaintiff sprained his ankle at work on October 22, 2019. Plaintiff was climbing some steps and he landed on his foot wrong. His foot twisted and he heard a crunching sound in his ankle.

9.   On the day he was injured, his team lead tried to discourage ELIAS from saying he was injured. The plaintiff wanted to go to the doctor and his team lead kept telling plaintiff that he would take him home.

10.  Plaintiff went to the doctor and the doctor took him off work for two weeks.

11.  When plaintiff attempted to make a worker compensation claim, Sedgwick claims, WALGREEN'S worker's compensation carrier, claimed that plaintiff never told WALGREENS he was injured.

12.  Plaintiff returned to work but his ankle was still weakened due to his injury.

13.  Plaintiff's job was very strenuous on his ankle as he had to go up and down three levels in the warehouse to get products.

14.  On January 31, 2020, plaintiff returned to the doctor because ankle was hurting and pulsating again and he was taken off work until February 3, 2020.

15.  Once plaintiff was taken off work, he was suspended by WALGREENS while they did an investigation about plaintiff's attendance.

16.  WALGREENS accused ELIAS of being a "no call no show" earlier in January. WALGREENS did not mention this incident until after ELIAS was reinjured.

17.  WALGREENS accused plaintiff of being a "no call no show" on November 4, 2019,

1   even though plaintiff had given Human Resources a doctor's note for the time off due to his

2   ankle injury.

3       18.   WALGREENS also claimed plaintiff did not call in on November 7th although plaintiff

4   had called and left a voicemail for his manager.

5

6       19.   Ultimately, WALGREENS terminated the plaintiff for not having efficient work

7   performance.

8       20.   WALGREENS rated plaintiff and his co-workers based on how much work they got

9   done to determine their proficiency of performance.

10       21.   WALGREENS would give employees a performance efficiency percentage based on

11   the tasks accomplished during the hours they worked.

12

13       22.   WALGREENS terminated plaintiff for not having a high enough performance efficiency

14   percentage, even though he was not under performing and many of his co-workers had

15   performance efficiency numbers that were much lower than his.

16       23.   Plaintiff is informed and believes and thereon alleges that a motivating reason for his

17   termination was discrimination based on his ankle injury.

18       24.   Plaintiff is informed and believes and thereon alleges that a motivating reason for his

19   termination was based on the fact that defendant did not want to engage in a good faith interactive

20

21   process or make a reasonable accommodation for plaintiff's physical disability, his ankle injury.

22       25.   Plaintiff is informed and believes and thereon alleges that a motivating reason for his

23   termination was the fact that his doctor took him off work for time off that was protected by the

24   California Family Rights Act.

25

26   **FIRST CAUSE OF ACTION:**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**[Against All Defendants and DOES 1-100, Inclusive]**

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES    4

1    26.    Plaintiff re-alleges the information set forth in Paragraphs 1-25 above, and incorporates

2    these paragraphs into this cause of action as if they were fully alleged herein.

3    27.    Under California law, no employee, whether they are an at-will employee, or an

4
     employee under written contract, can be terminated for a reason that is in violation of a
5
6    fundamental public policy.

7    28.    At all times mentioned in this complaint, Gov. Code § 12940 et seq. was in full force

8    and effect and was binding on WALGREENS. This section prohibits defendant employer from

9    discriminating against any employee on the basis of a physical disability or medical condition .

10   29.    Plaintiff believes and thereon alleges that his physical disability an ankle injury was a
11
     motivating reason for  WALGREENS decision to terminate him.  Such discrimination is in
12
13   violation of the public policy of the State of California as reflected in Gov. Code § 12940 et. seq.

14   and has resulted in damages and injury to plaintiff as alleged herein.

15   30.    Defendant was required to engage in an interactive dialogue and to provide reasonable

16   accommodations so plaintiff would be able to perform his job with his phyical disablity.

17
     Defendant did not fulfill these obligations but rather elected to terminate the plaintiff's
18
19   employment.

20   31.  WALGREENS was required by Gov. Code § 12945.2 to provide a quailfying employee

21   medical leave for a physical disablity or medical condition Defendant denied plaintiff leave for

22   his serious physical disablity by terminating plaintiff. WALGREENS refused to let plaintiff take

23   time off that qualified for medical leave and retaliated when plaintiff attempted to exercise his
24
     leave rights  by suspending plaintiff, falsely accusing him as being a "no call no show" and
25
26   terminating plaintiff for alleged performance deficencies. .

27   32.  The actions of WALGREENS, as mentioned, including without limitation,

28

1   WALGREENS discrimination based on a physical disability and denial of family medical leave,

2   violated the following public policies of the State of California designed to protect society at

3   large:

4

5       a.  Cal. Const., Article 1, Section 1, which provides: "All people are by
            nature free and independent and have inalienable rights.  Among these
6           are enjoying and defending life and liberty, acquiring, possessing, and
            protecting property, and pursuing and obtaining safety, happiness, and
7           privacy;"

8       b.  Cal. Const., Article 1, Section 8, which provides:  "A person may not
            be disqualified from entering or pursuing a business, profession,
9           vocation, or employment because of sex, race, creed, color, or national
            or ethnic origin;"
10

11      c.  Gov Code §12940 et seq., "It shall be an unlawful employment practice
            . . . For an employer, because of the race, religious creed, color,
12          national origin, ancestry, physical disability, mental disability, medical
            condition, marital status, sex, age, or sexual orientation of any person,
13          to refuse to hire or employ the person or to refuse to select the person
            for a training program leading to employment, or to bar or to discharge
14          the person from employment or from a training program leading to
            employment, or to discriminate against the person in compensation or
15          in terms, conditions, or privileges of employment;"
16

17      d.  Gov. Code § 12940(h) which provides it is unlawful "For any
            employer, labor organization, employment agency, or person to
18          discharge, expel, or otherwise discriminate against any person because
            the person has opposed any practices forbidden under this part or
19          because the person has filed a complaint, testified, or assisted in any
            proceeding under this part..."
20

21      e.  Gov. Code § 12940(m) which provides that it is illegal for a covered
            employer to "...fail to make reasonable accommodation for the know
22          physical or mental disability of an applicant or employee."

23      f.  Gov. Code § 12940 (n) which provides that it is illegal for a covered
            employer "... to fail to engage in a timely, good faith, interactive
24          process with the employer or applicant to determine effective
            reasonable accommodations, if any, in response to a request for
25          reasonable accommodation by an employee or applicant with a known
            physical or mental disability or known medical condition."
26

27      g.  Gov. Code § 12945.2 which provides in pertinent part: "(a) Except as
28

provided in subdivision (b), it shall be an unlawful employment practice for any employer, as defined in paragraph (2) of subdivision (c), to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave. The commission shall adopt a regulation specifying the elements of a reasonable request.

h. California business and Professions Code §§ 17200 et seq. which prohibits any unlawful, unfair or fraudulent business act or practice;

and such other further and alternative laws, policies, regulations and ordinances that the evidence shows were violated.

33. Plaintiff alleges that WALGREENS violated articulated, fundamental public policies, affecting society at large, by violating the statutes described above.

34. As a direct, foreseeable, and proximate result of WALGREENS' numerous violations, plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, substantial losses in salary, bonus, job benefits, and other employment benefits she would have received from defendants, all to plaintiff's damage, in an amount unknown at this time but to be proven at trial.

35. Based on the grossly reckless and/or intentional, malicious, and bad faith manner in which WALGREENS and its managing agents conducted themselves as described herein, by willfully violating those statutes enumerated above, plaintiff prays for punitive damages against WALGREENS in an amount to be determined at the time of trial, that is sufficiently high to punish WALGREENS and deter WALGREENS from engaging in such conduct in the future, and to make an example them to others.

1

## SECOND CAUSE OF ACTION

2

### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA GOV. CODE § 12940 (a)
[Against All Defendants and Does 1 through 100, Inclusive]

3

4   36.   Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as though set forth in

5   full herein.

6   37.   This cause of action is based upon California Government Code Section 12940, which

7   states:

8
> "It shall be an unlawful employment practice, unless based upon a bona
9   fide occupational qualification, or, except where based upon applicable
    security regulations established by the United States or the State of
10  California:

11
> (a) For an employer, because of the race, religious creed, color,
12  national origin, ancestry, physical disability, mental disability,
    medical condition, marital status, sex, age, or sexual orientation of
13  any person, to refuse to hire or employ the person or to refuse to
    select the person for a training program leading to employment, or to
14  bar or to discharge the person from employment or from a training
    program leading to employment, or to discriminate against the person
15  in compensation or in terms, conditions, or privileges of employment."

16
17  38.   Plaintiff is informed and believes a motivating reason for his termination was

18  discrimination based on his physical disability an ankle injury.

19  39.   At all times hereinafter mentioned, defendant was an employer required to comply with

20  the California Fair Employment and Housing Act in respect to employment practices, and

21  specifically, was prohibited from discriminating against any employee based on physical

22  disability or medical condition.

23
24  40.   At all times hereinafter mentioned, plaintiff was an employee protected by the California

25  Fair Employment and Housing Act.  Plaintiff filed a charge of discrimination against defendants

26  with the California Department of Fair Employment and Housing on  May 25, 2020, alleging that

27  defendants violated the Act on account of their actions taken against plaintiff because of his

28

1 | physical disability and he was issued a RIGHT TO SUE letter on May 25, 2020. True copies of

2 | plaintiff's charge of discrimination and RIGHT TO SUE letter are attched hereto as exhibits "A"

3 | and "B" to this complaint.

4

5 | 41. As a proximate result of the wrongful conduct of defendants and each of them, plaintiff

6 | has suffered and continues to sustain losses in earnings and other employment benefits in an

7 | amount according to proof at trial.

8 | 42. As a proximate result of the wrongful conduct of defendants and each of them, plaintiff

9 | has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an

10 | amount according to proof at trial.

11 | 43. In doing the acts herein alleged, defendants, and each of them, acted with oppression,

12 | fraud, malice and in conscious disregard of the rights of plaintiff, and plaintiff is therefore entitled

13 | to punitive damages according to proof at trial.

14 | 44. Plaintiff is entitled to an award of reasonable attorney's fees in connection with the

15 | prosecution of this action.

16

### THIRD CAUSE OF ACTION
### FAILURE TO ACCOMMODATE DISABILITY GOV. CODE § 12940 (m)
### [Against All Defendants and DOES 1-100, Inclusive]

17

18 | 45. Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 44 above as

19 | though set forth in full herein.

20 | 46. Government Code § 12940 (m) provides that it is unlawful for an employer to fail to

21 | make reasonable accommodation for the known physical disability or medical condition of an

22 | employee.

23 | 47. Defendant failed to make reasonable accommodation for plaintiff's known physical

24 | disability, an ankle injury but instead terminated him.

25 | 48. As a proximate result of the wrongful conduct of defendants and each of them, plaintiff

26 | has suffered and continues to sustain losses in earnings and other employment benefits in an

27 | amount according to proof at trial.

28

1    49.    As a proximate result of the wrongful conduct of defendants and each of them, plaintiff

2    has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an

3    amount according to proof at trial.

4    50.    In doing the acts herein alleged, defendants, and each of them, acted with oppression,

5    fraud, malice and in conscious disregard of the rights of plaintiff, and plaintiff is therefore entitled

6    to punitive damages according to proof at trial.

7    51.    Plaintiff is entitled to an award of reasonable attorney's fees in connection with the

8    prosecution of this action.

9                              **FOURTH CAUSE OF ACTION**
                  **FAILURE TO ENGAGE IN INTERACTIVE PROCESS GOV. CODE § 12940(n)**
10                        **[Against All Defendants and DOES 1-100, Inclusive]**

11   52.    Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 51 above as

12   though set forth in full herein.

13

14   53.    Government Code § 12940(n) provides that it is unlawful for an employer to fail to

15   engage in a timely, good faith, interactive process with an employee with a disablity to determine

16   effective reasonable accommodations, if any.

17   54.    Defendants failed to engage in a timely, good faith, interactive process with plaintiff to

18   determine effective reasonable accommodations for plaintiff's known physical disability his ankle

19   injury. Instead defendant elected to terminate plaintiff's employment.

20

21   55.    As a proximate result of the wrongful conduct of defendants, and each of them, plaintiff

22   has suffered and continues to suffer losses in earnings and other employment benefits in an

23   amount according to proof at trial.

24   56.    As a proximate result of the wrongful conduct of defendants, and each of them, plaintiff

25   has suffered humiliation, emotional distress, and mental anguish, all to his damage in an amount

26   according to proof at trial.

27

28   57.    In doing the acts herein alleged, defendants, and each of them, acted with oppression,

PLAINTIFF'S COMPLAINT FOR DAMAGES                                    10

1  fraud, malice, and in conscious disregard of the rights of plaintiff, and plaintiff is therefore

2  entitled to punitive damages according to proof at the time of trial.

3  58.   Plaintiff is entitled to an award of reasonable attorney's fees in connection with the

4  prosecution of this action.

5

6  **FIFTH CAUSE OF ACTION**
   **VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT**

7  **[Against All Defendants and Does 1 through 100, Inclusive]**

8  59.   Plaintiff re-alleges and incorporates paragraphs 1 through 58 above as though set forth

9  in full herein.

10  60.   Plaintiff was eligible for California Family Medical Leave as he was a qualified

11  employee under Gov. Code §12945.2 .

12

13  61.   Defendant was required to give plaintiff up to 12 weeks of leave to allow recover from

14  his ankle injury so he could perform his essential job duties.

15  62.   Defendant failed to protect plaintiff job while he was on medical leave.

16  63.   When plaintiff took time off that qualified for family medical leave, defendant

17  suspended plaintiff, accused him of being a "no call no show" and then terminated his

18  employment.

19

20  64.   Plaintiff has exhausted his administrative remedies by filing a timely charge of

21  discrimination against defendant with the California Department of Fair Employment and

22  Housing on May 25, 2020 and he was issued a Right to Sue Letter on May 25, 2020.

23  65.   As a direct and proximate result of the actions of defendants, plaintiff has sustained and

24  will sustain monetary damages, which will be established by proof at trial.

25

26

27

28

66. As a direct further proximate result of the actions of the defendants, plaintiff has sustained severe emotional distress and mental anguish, and has been damaged thereby the amount of such damages will be established by proof at trial.

67. The actions complained of herein were done maliciously and oppressively, by reason thereof plaintiff is entitled to an award of punitive damages, the amount of such damages to be established by proof at trial.

68. The plaintiff is entitled to an injunction requiring defendants to reinstate plaintiff's employment, and, further, and not to deny qualifying employees Family Medical Leave in the future.

## SIXTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF GOV. CODE §12940 (h)
### [Against All Defendants and Does 1 through 100, Inclusive]

69. Plaintiff re-alleges and incorporates paragraphs 1 through 68 above as though set forth in full herein.

70. This cause of action is based upon California Government Code§12940 (a) and (h), which provides that it is an unlawful employment practice "For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part..."

71. At all times herein mentioned plaintiff was a protected employee under this provision of the California Fair Employment and Housing Act (FEHA).

72. Plaintiff engaged in protected activities when he requested reasonable accomodations for his physical disablity and took time off that was protected by the California Family Rights Act, rights he was entitled to under the California Fair Employment and Housing Act.

PLAINTIFF'S COMPLAINT FOR DAMAGES                    12

73.   Retaliation for plaintiff's engagement in a these protected activities was a motivating reason for WALGREENS' decision to terminate the plaintiff.

74.   Plaintiff has exhausted his administrative remedies by timely filing a complaint with the DFEH on May 25, 2020. Copies of plaintiff's Charges of Discrimination and Right to Sue Letters are attached hereto as exhibits "A" and "B" to this complaint.

75.   As a direct and proximate result of the actions of defendants, plaintiff has sustained and will sustain monetary damages, which will be established by proof at trial.

76.   As a direct further proximate result of the actions of the defendants, plaintiff has sustained severe emotional distress and mental anguish, and has been damaged thereby; the amount of such damages will be established by proof at trial.

77.   The plaintiff is entitled to an injunction requiring defendants to reinstate plaintiff's employment, and, further, not to discriminate or retaliate against plaintiff in the future.

78.   Plaintiff is entitled to an award of reasonable attorney's fees in connection with the prosecution of this action. Plaintiff is entitled to prejudgment interest under and by virtue of any provision of law entitling her thereto.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

    1.  For general economic and non-economic damages according to proof;

    2.  For special damages according to proof;.

    3.  For punitive damages where allowed by law;

    4.  Civil penalties as allowed by law;

    5.  For pre-judgment interest;

    6.  For costs of suit incurred herein;

    7.  For attorney's fees as allowed by law;

1    8. For such other and further relief as this Court deems just and proper;

2    9. For trial by jury.

3

4    DATED:  June 17, 2020                    THYBERGLAW

5

6                                            GREGORY A. THYBERG
                                             Attorney for Plaintiff
7                                            JUAN ELIAS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES                    14

# EXHIBIT "A"

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Juan Elias

DFEH No. 202005-10243825

Complainant,

vs.

Walgreen Co.
205 Wilmot Rd.
Deerfield, Illinois 60015

Respondents

---

1. Respondent **Walgreen Co.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Juan Elias**, resides in the City of **Woodland** State of **California.**

3. Complainant alleges that on or about **February 3, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied reasonable accommodation for a disability.

-1-
*Complaint – DFEH No. 202005-10243825*

Date Filed: May 25, 2020

**EXHIBIT** A

**Additional Complaint Details:** Claimant Juan Elias ("ELIAS") started working for respondent, Walgreen Co. (WALGREENS), at the WALGREENS Distribution Center in Woodland on July 24, 2019. Claimant sprained his ankle at work on October 22, 2019. Claimant was climbing some steps and he landed on his foot wrong. His foot twisted and he heard a crunching sound in his ankle. On the day he was injured, his team lead tried to discourage ELIAS from saying he was injured. The claimant wanted to go to the doctor and his team lead kept telling claimant that he would take him home. Claimant went to the doctor and the doctor took him off work for two weeks. When claimant attempted to make a worker compensation claim to WALGREENS worker's compensation insurance carrier, Sedgwick claims, he was told that he never told WALGREENS he was injured. Claimant returned to work but his ankle was still weakened due to his injury. Claimant's job was very strenuous on his ankle as he had to go up and down three levels in the warehouse to get products. On January 31, 2020, claimant's ankle was hurting and pulsating again. Claimant was taken off work until February 3, 2020. Once claimant was taken off work he was suspended by WALGREENS while they did an investigation about claimant's attendance. WALGREENS accused ELIAS of being a no call no show earlier in January. WALGREES did not mention this incident until after ELIAS was reinjured. WALGREENS accused claimant of being a no call no show on November 4, 2019, even though claimant had given Human Resources a doctor's note for the time off due to his ankle injury. WALGREENS also claimed claimant did not call in on November 7th although claimant had called and left a voicemail for his manager. Ultimately, WALGREENS terminated the claimant for not having efficient work performance. WALGREENS rated claimant and his co-workers based on how much work they go done to determine their proficiency of performance. WALGREENS would give employees a performance efficiency percentage based on the tasks accomplished during the hours they worked. WALGREENS terminated claimant for not having a high enough performance efficiency percentage, even though he was not under performing and many of his co-workers had performance efficiency numbers that were much lower than his. Claimant believes that a motivating reason for his termination was discrimination based on his ankle injury. Respondent failed to engage in a good faith interactive process or make a reasonable accommodation for claimant's ankle injury.

-2-
*Complaint – DFEH No. 202005-10243825*

Date Filed: May 25, 2020

**EXHIBIT** $A$

1  VERIFICATION

2  I, **Gregory A. Thyberg**, am the **Attorney** in the above-entitled complaint. I have read
3  the foregoing complaint and know the contents thereof. The matters alleged are
   based on information and belief, which I believe to be true.

4
   On May 25, 2020, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                **Sacramento, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                        -3-
27                        *Complaint – DFEH No. 202005-10243825*

28  Date Filed: May 25, 2020

                                                    **EXHIBIT** *A*

# EXHIBIT "B"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 25, 2020

Juan Elias
907 Bourne Drive #103
Woodland, California 95776

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202005-10243825
       Right to Sue: Elias / Walgreen Co.

Dear Juan Elias,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective May
25, 2020 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT _B_

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALGREEN CO, a corporation, and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JUAN ELIAS,

FILED
YOLO SUPERIOR COURT
JUN 19 2020
BY   D. KRAUSE
DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Yolo 1000 Main Street, Woodland, CA 95695 | CASE NUMBER: *(Número del Caso):* CV20-794 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory A. Thyberg, Thyberglaw, 3104 O Street #190, Sacramento, CA 95816 (916) 204-9173

| DATE: *(Fecha)* JUN 19 2020 | SHAWN C. LANDRY | Clerk, by *(Secretario)* | D. KRAUSE | , Deputy *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Walgreen Co, a corporation

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Print this form   Save this form

# EXHIBIT C

BY FAX

1   LAFAYETTE & KUMAGAI LLP
    GARY T. LAFAYETTE (State Bar No. 088666)
2   Email: glafayette@lkclaw.com
    BRIAN H. CHUN (State Bar No. 215417)
3   Email: bchun@lkclaw.com
    1300 Clay Street, Suite 810
4   Oakland, California 94612
    Telephone:   (415) 357-4600
5   Facsimile:   (415) 357-4605

6   Attorneys for Defendant
    Walgreen Co.

7

F I L E D
YOLO SUPERIOR COURT

JUL 0 9 2020

BY   D. KRAUSE
        DEPUTY

8                   SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF YOLO

10

11  JUAN ELIAS,                              Case No. CV20-794

12              Plaintiff,                   **DEFENDANT WALGREEN CO.'S ANSWER
                                             TO PLAINTIFF'S COMPLAINT**
13  vs.

14  WALGREEN CO., a corporation, and         Action Filed:  June 19, 2020
    DOES 1-100, inclusive,
15
                Defendants.
16

17

18

19

20

21

22

23          Defendant Walgreen Co. ("Defendant") answers the unverified Complaint ("Complaint")

24  filed by Plaintiff Juan Elias ("Plaintiff") as follows:

25          Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies

26  each and every, all and singular, of the allegations in the Complaint, and generally denies

27  Plaintiff has been injured in any of the sums mentioned in said Complaint, or any sum at all, as

28  the result of any action, omission to act or delay in acting of this answering Defendant.

---

DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S COMPLAINT            1
(Case No. CV20-794)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1

**FIRST AFFIRMATIVE DEFENSE**

2    1.    As a first, separate affirmative defense, Defendant asserts that Plaintiff fails to

3    allege facts sufficient to constitute a cause of action against Defendant.

4

**SECOND AFFIRMATIVE DEFENSE**

5    2.    As a second, separate affirmative defense, Defendant asserts that Plaintiff failed to

6    exhaust appropriate administrative remedies with the California Department of Fair Employment

7    and Housing and/or the Equal Employment Opportunity Commission.

8

**THIRD AFFIRMATIVE DEFENSE**

9    3.    As a third, separate affirmative defense, Defendant asserts that this action cannot

10    be maintained because statutory prerequisites have not been fulfilled.

11

**FOURTH AFFIRMATIVE DEFENSE**

12    4.    As a fourth, separate affirmative defense, Defendant asserts that Plaintiff's

13    Complaint is barred by statutes of limitation including, but not limited to, Cal. Gov. Code §

14    12960(d) and Cal. Civ. Proc. Code § 335.1.

15

**FIFTH AFFIRMATIVE DEFENSE**

16    5.    As a fifth, separate affirmative defense, Defendant asserts that the alleged

17    damages sustained by Plaintiff was caused by persons, firms, corporations, entities or

18    organizations other than Defendant and, by reason thereof, Defendant is not liable to Plaintiff for

19    any alleged injuries, losses or damages.

20

**SIXTH AFFIRMATIVE DEFENSE**

21    6.    As a sixth, separate affirmative defense, Defendant asserts that it exercised

22    reasonable care to prevent and promptly correct any discriminatory or retaliatory conduct.

23

**SEVENTH AFFIRMATIVE DEFENSE**

24    7.    As a seventh, separate affirmative defense, Defendant asserts that Plaintiff

25    unreasonably failed to take advantage of preventive or corrective opportunities provided by

26    Defendant and otherwise failed to avoid harm.

27

**EIGHTH AFFIRMATIVE DEFENSE**

28    8.    As an eighth, separate affirmative defense, Defendant asserts that it was unaware

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

of the conduct of which Plaintiff complains and, had it been made aware of the conduct, it would have taken immediate corrective action to prevent said conduct.

## NINTH AFFIRMATIVE DEFENSE

9.      As a ninth, separate affirmative defense, Defendant asserts that Plaintiff consented to and/or acquiesced in the alleged acts or omissions, if any, barring Plaintiff from any relief as prayed for in his Complaint.

## TENTH AFFIRMATIVE DEFENSE

10.     As a tenth, separate affirmative defense, Defendant asserts that Plaintiff failed to mitigate his damages, if any, and said failure to mitigate bars Plaintiff from recovery in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     As an eleventh, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a twelfth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of after-acquired evidence.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a thirteenth, separate affirmative defense, Defendant asserts that Plaintiff's Complaint, and/or each claim for relief contained therein, is barred by the doctrines of waiver, estoppel, and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a fourteenth, separate affirmative defense, Defendant asserts that it would have acted in the manner complained of by Plaintiff regardless of his alleged disability and/or alleged protected acts.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     As a fifteenth, separate affirmative defense, Defendant asserts that any claims for

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1  emotional distress or mental anguish allegedly suffered is barred by the exclusive remedy

2  provided by Labor Code § 3600 *et seq*. and cannot be compensated for in this present action.

3  **SIXTEENTH AFFIRMATIVE DEFENSE**

4          16.     As a sixteenth, separate affirmative defense, Defendant asserts that Defendant's

5  conduct alleged in the Complaint, if and to the extent it occurred, was privileged and justified and

6  done with a good faith belief it was correct and no action may be taken against Defendant on

7  account of such conduct.

8  **SEVENTEENTH AFFIRMATIVE DEFENSE**

9          17.     As a seventeenth, separate affirmative defense, Defendant asserts that Plaintiff

10 was not a qualified disabled individual as a matter of law.

11

12          WHEREFORE, Defendant prays:

13          1.      The Plaintiff take nothing by the Complaint;

14          2.      That the Complaint be dismissed with prejudice;

15          3.      That Defendant recover its costs of suit herein, including its reasonable attorneys'

16 fees; and

17          4.      That the Court grant such other further relief as it may deem appropriate.

18

19

20 DATED:  July 9, 2020                          LAFAYETTE & KUMAGAI LLP

21

22                                              BRIAN H. CHUN
                                                Attorneys for Defendant
23                                              WALGREEN CO.

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

**PROOF OF SERVICE**

I declare:

I am employed in the City of Oakland, County of Alameda, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On July 9, 2020, I served the document named below on the parties in this action as follows:

**DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**X**   (BY MAIL)  I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California.  I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

_____   (BY PERSONAL SERVICE)  I caused to be personally served each document listed above on the addressee (s) noted below.

_____   (BY FACSIMILE)  I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

_____   (BY OVERNIGHT MAIL)  I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

THYBERGLAW
Gregory A. Thyberg, Esq.
3104 O Street #190
Sacramento, California 95816

*Attorneys for Plaintiff Juan Elias*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on   _July 9, 2020_   , at El Sobrante, California.

_Brenda Fuller_
Brenda Fuller

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605